IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00688-MSK-STV

ERIC ALLEN,

    Plaintiff,

v.

THE PINERY, LLC;
ALTITUTDE HOSPITAL GROUP, LLC;
THE PINERY AT THE HILL, LLC;
PINERY ENTERPRISES, LLC; and
MITCHELL YELLEN,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Defendant/Third Party Plaintiff The Pinery at the Hill, LLC's ("Pinery at the Hill") Renewed Motion for Alternative Service (the "Motion") [#39], which was referred to this Court [#40]. This Court has carefully considered the Motion and the related exhibits, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the reasons set forth herein, the Motion is **GRANTED**.

    On July 26, 2017, Pinery at the Hill filed its Amended Answer to Complaint, Counterclaim against Eric Allen and Third Party Complaint Against Tawnya Allen (the "Third Party Complaint"), asserting counterclaims against Plaintiff Eric Allen and third party claims against Tawnya Allen. [#33] On July 28, 2017, the Court granted

1

Defendants' motion to join Tawnya Allen as a defendant to the third party claims.[1] [#35] Through the instant Motion, Pinery at the Hill seeks leave to serve Tawnya Allen through substitute service on Tawnya Allen's attorney in separate marriage dissolution proceedings between Tawnya Allen and Eric Allen.

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. For service on individuals, the Rule states that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person

---

[1] In the same order, the Court denied without prejudice Defendants' prior motion for alternative service on Tawnya Allen, because they failed to satisfy the requirements of the authorizing rules. [*Id.*]

deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Motion satisfies the requirements of Colorado Rule 4(f). The Motion states that Pinery at the Hill has attempted to serve Tawnya Allen at three separate locations: (1) her residence, (2) a mail box center, and (3) a church that it was believed that Tawnya Allen frequents. [#39 at 2] In support, Pinery at the Hill submits the affidavits of two process servers who have attempted to effect service upon Tawnya Allen. Process Server John Lewis testified that between May 31, 2017 and June 3, 2017, he made four attempts to serve Tawnya Allen at these three separate locations. [#39-3] Process server Jerry Protsman testified that he made attempts on June 2, 2017 and June 5, 2017 to serve Tawnya Allen at her residence, but was unsuccessful. [#39-2] Service upon Tawnya Allen is complicated by the fact that she lives in a gated community. [#39-3, 39-2] On Mr. Protsman's second attempt at service, Ms. Allen called the security guard to ask why Mr. Protsman had visited her home. [#39-2] Mr. Protsman told the security guard that he was there to deliver paperwork. [*Id.*]

In addition to these attempts at personal service, Pinery at the Hill also made requests for others to accept service on Tawnya Allen's behalf. Tawnya Allen's husband's lawyer in this case responded to Pinery at the Hill's request by stating that he does not represent Tawnya Allen and thus is not able to accept service on her behalf.

[#39-5] On June 5, 2017, Pinery at the Hill sent a copy of its original third party claims to Lyndsay Ressler, Tawnya Allen's attorney in the separate marriage dissolution proceedings, and asked if she was able to accept service on Tawnya Allen's behalf. [#39-6] On June 7, 2017, Ms. Ressler responded that she was not authorized to accept service. [*Id.*] Notably, Ms. Ressler did not express any concern in being able to deliver notice to Tawnya Allen, but rather responded only that she was not "authorized" to accept service. Presumably, this means that she spoke with Tawnya Allen about the request and Tawnya Allen declined to allow her to accept service. Tawnya Allen thus seemingly is aware of Pinery at the Hill's third party claims against her and is attempting to avoid service.

The court finds that Pinery at the Hill has made diligent attempts to serve Tawnya Allen, and that further attempts are unlikely to be successful as Tawnya Allen already is aware of the claims and appears to be trying to avoid service. The Court further finds that the proposed substitute service on Ms. Ressler is reasonably calculated to give Tawnya Allen actual notice of the lawsuit and comports with due process.

For the reasons stated above, it is **ORDERED** as follows:

(1)  Pinery at the Hill's Motion [#39] is **GRANTED**;

(2)  Pinery at the Hill is granted leave to serve Tawnya Allen by substitute service on Tawnya Allen's attorney, Lyndsay Ressler;

(3)  In addition to personal service upon Ms. Ressler, pursuant to Colo. R. Civ. P. 4(f), Pinery at the Hill shall also send the papers by certified mail to: (1) Lyndsay Ressler; (2) Tawnya Allen at her last known residence in the

residential gated community referenced in the Motion, and (3) Tawnya Allen at the address for the mail box center referenced in the Motion; and

(4) Service shall be complete on the date of service of process upon Ms. Ressler.

DATED: August 15, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge